**John Wylie GASTON,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6933.**

United States Court of Appeals
Fourth Circuit.

Argued April 13, 1955.
Decided May 9, 1955.

Muller O. J. Kreps, III, Columbia, S. C. (Sidney D. Duncan, Columbia, S. C., on the brief), for appellant.

Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on the brief) for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence for violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. Jury trial was waived and the case was heard by the District Judge, who filed a comprehensive "Memorandum of Facts and Authorities", setting forth fully the facts of the case and the legal principles applicable thereto, together with the controlling decisions. Nothing need be added thereto. Appellant, who was a truck driver, claimed exemption from military service on the ground that he was a conscientious objector, a claim which he did not make until after he had been classified 1–A by his local board. He was given two hearings by the board, but was unable to convince a single man on that board that he was entitled to exemption on the ground claimed. On appeal he did not convince the hearing officer of the Department of Justice or any member of the Appeals Board. No basis appears upon which the trial judge would have been justified in holding the order of the board invalid. Apart from the fact that the burden rested upon appellant to establish his claim for exemption and that the members of the board who saw and heard him were not bound to believe his statement as to his conscientious objections, a sufficient basis for not accepting it appeared in his delay in making the claim and the other matters adverted to by the judge in his memorandum. See Witmer v. United States, 348 U.S. 375, 381–383, 75 S.Ct. 392; Campbell v. United States, 4 Cir., 221 F.2d 454; White v. United States, 9 Cir., 215 F.2d 782, certiorari denied, 75 S.Ct. 528. There is no evidence that the hearing officer failed to furnish appellant a full and fair summary of the F. B. I. report, that he requested such summary, that the report contained evidence adverse to appellant, or that appellant made any point with regard thereto until after his conviction. The point now made is frivolous.

Affirmed.